IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX MELVIN WADE, JR., § | | |
| Individually and d/b/a American § | | |
| Consultant, Legal Litigants, § | | |
| Paralegals, Professional Adjusters & § | | |
| Financial Brokers, § | | |
|     Plaintiff, § | | CIVIL ACTION NO. H-11-4131 |
| § | | |
| v. § | | |
| § | | |
| BEST BUY, § | | |
|     Defendant. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 13] filed by Defendant Best Buy, to which Plaintiff Alex Melvin Wade, Jr. filed a Response [Doc. # 18], and Defendant filed a Reply [Doc. # 22]. Having reviewed the full record and applied governing legal authorities, the Court **grants** the Motion for Summary Judgment.

## I.     BACKGROUND

Plaintiff went to a Best Buy store in December 2006 to purchase electronic equipment. Plaintiff placed an order for various pieces of equipment for a total cost of $96,595.79. Plaintiff attempted to pay for the equipment with a document entitled "Insurance Draft" dated March 5, 2007, and purportedly drawn and payable at

Western World Insurance Company in New Jersey. Best Buy determined that the "Insurance Draft" was not a proper form of payment. The sales manager, Kari Vinyard, telephoned Plaintiff and informed him that the "Insurance Draft" had been denied as a proper form of payment and, therefore, Best Buy would require another form of payment or the order would be cancelled. Plaintiff made no arrangements for a different form of payment for the equipment, and Best Buy cancelled his order on May 22, 2007.

On November 9, 2011, Plaintiff, proceeding *pro se*, filed this lawsuit asserting that Best Buy violated his "rights and constitute, breach of contract, civil rights, contract rights are basic civil rights, and the Fifth & Fourteenth Amendment to the United States Constitution of the United States, not limited to state law, deceptive trade practices." *See* Complaint [Doc. # 1], ¶ 9. Plaintiff seeks declaratory and injunctive relief, compensatory damages of $75,000.00, punitive damages of $75,000.00, "Hedonic damages" in the amount of $75,000.00, "Expectancy damages" in the amount of $100,000.00, "Foreseeable damages" in the amount of $50,000.00, "Severance damages" in the amount of $50,000.00, and costs.

At the initial pretrial conference on March 27, 2012, the Court ordered that any dispositive motion be filed by April 11, 2012, that Plaintiff file any opposition by May 4, 2012, and that any reply be filed by May 14, 2012. *See* Hearing Minutes and

Order [Doc. # 11].  Defendant filed its Motion for Summary Judgment on April 11, 2012.  Plaintiff requested and obtained an extension to May 18, 2012, of the deadline for his response.  Plaintiff filed an early Response, Defendant filed its Reply, and the Motion for Summary Judgment is ripe for decision.

## II.   STATUTE OF LIMITATIONS

Defendant seeks summary judgment, *inter alia*, on its affirmative defense of the statute of limitations.  "For a defendant to obtain summary judgment on an affirmative defense, it must establish beyond dispute all of the defense's essential elements." *Bank of Louisiana v. Aetna U.S. Heathcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Community Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

Plaintiff argues that the statutes of limitations have not expired and cites *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff's reliance on *Heck* is unavailing.  In *Heck*, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment," the plaintiff must demonstrate that the allegedly unconstitutional conviction has been reversed or otherwise invalidated.  *Id.* at 486-87.  Plaintiff in this case is not challenging an allegedly unconstitutional conviction.  He is, instead, seeking damages for an alleged breach of contract, alleged constitutional violations independent of any conviction, and an

alleged deceptive trade practices. Consequently, *Heck* does not apply to extend the statutes of limitations in this case.

The record reflects that Plaintiff was arrested on July 27, 2007, and held in custody until September 4, 2008. *See* Wade Declaration, Exh. A to Response to Motion to Dismiss [Doc. # 12], ¶¶ 3-4. Plaintiff was taken into custody again on October 21, 2008, and he remains incarcerated in the Texas Department of Criminal Justice. *See id.*, ¶ 4. Plaintiff asserted in response to Defendant's Motion to Dismiss, but not again in response to the Motion for Summary Judgment, that he would have filed this lawsuit within the statute of limitations if he had not been incarcerated. *See id.*, ¶ 8. Under Texas law, however, incarceration is not a legal disability that tolls the statute of limitations. *See Belser v. Tex. State Bd. of Pardons and Paroles*, 234 F.3d 705, *2 (5th Cir. Sept. 25, 2000) (citing *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992)). Additionally, as a factual matter, the records of the Southern District of Texas establish that Plaintiff has been able to file this lawsuit and no fewer than four other non-habeas civil lawsuits since his incarceration in 2007.[1] Three of the additional civil lawsuits involve Wade's attempts to use an "Insurance Draft." *See Wade v. Bank of America*, Civil Action No. H-09-3198 (involving attempt to pay off

---

[1] In addition, Plaintiff has filed three petitions for habeas corpus and a prisoner civil rights lawsuit against the Harris County District Attorney's Office.

loan on a 2005 Hummer 2 with an "Insurance Draft"); *American Consultants v. Capital One*, Civil Action No. H-10-2454 (involving attempt to deposit an "Insurance Draft" into a bank account); *Wade v. Primeway Federal Credit Union*, Miscellaneous Action No. H-11-385 (involving an attempt to deposit an "Insurance Draft" into a bank account).[2] Consequently, Plaintiff has presented no legal or factual basis for the statutes of limitations in this case to be tolled.

Plaintiff's breach of contract claim is governed by a four-year statute of limitations. *See Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002). The breach of contract claim accrued when the alleged breach occurred. *Id*. Plaintiff's constitutional claims are governed by a two-year statute of limitations. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1306 (5th Cir. 1995). Plaintiff's deceptive trade practices claim is also governed by a two-year statute of limitations. *See* TEX. BUS. & COMM. CODE § 17.565; *Haidar v. Nortex Foundation Designs, Inc.*, 239 S.W.3d 924, 926 (Tex. App. – Dallas 2007, no pet.).

---

[2] The Court notes that the *Primeway* lawsuit was not accepted for filing because Plaintiff attempted to pay the filing fee with an "Insurance Draft." Similarly, in this case against Best Buy, the filing fee has not been paid with valid funds and is subject to dismissal on that basis also.

In this case, the uncontroverted evidence is that Best Buy declined to accept the "Insurance Draft" as payment and cancelled Plaintiff's order on May 22, 2007. This lawsuit was filed on November 9, 2011, beyond the four-year statute of limitations for the breach of contract claim and beyond the two-year statutes of limitations for the constitutional and deceptive trade practices claims. Consequently, the claims are time-barred and Defendant is entitled to summary judgment.

## IV.   MOTION FOR LEAVE TO AMEND

On May 4, 2012, after filing his Response, Plaintiff filed a Motion for Leave to File Amended Complaint [Doc. # 21]. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal quotation marks omitted); *accord Goldstein*, 340 F.3d at 254. In deciding whether to grant leave to file an amended pleading, the district court should consider whether the amendment would be futile. *See Goldstein*, 340 F.3d at 254 (citations omitted). "Futility" in the context of a Rule 15 motion to amend means that the

proposed "amended complaint would fail to state a claim upon which relief could be granted."  *Stripling v. Jordan Productions Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

Plaintiff states that he has recently discovered other allegations that he wants to raise in this lawsuit.  Specifically, Plaintiff seeks to add a claim that Best Buy caused criminal theft charges to be filed against Wade, depriving him of his constitutional right to engage in free enterprises.  Plaintiff wants to assert also that Best Buy discriminated against him because he is "an African American engaging in insurance claim in The Woodlands, Texas."  *See* Proposed Amended Complaint, Exh. 1 to Motion to Amend, ¶ 17.  Plaintiff seeks to add an allegation that Best Buy caused him to "be falsely imprisoned for the offense of forgery and theft for [*sic*] July 27, 2007 to February 3, 2010.  *See id.*, ¶ 18.

Plaintiff's proposed amendment would be futile.  Best Buy has presented uncontroverted evidence in this case that the "Insurance Draft" presented by Plaintiff was fraudulent.  Specifically, Defendant has presented the uncontradicted affidavit of John Davis, counsel for Western World Insurance Group ("WWIG"), who states under oath that the "Insurance Draft" presented to Best Buy "was not authorized, payable, or drawn on" a WWIG account.  *See* Davis Affidavit, Exh. H to Reply [Doc. # 22].  Davis stated further that WWIG did not authorize Wade to issue any

"insurance drafts" to be drawn and payable at WWIG. *See id.* Plaintiff identifies no constitutional right to engage in free enterprise or in insurance claims involving fraudulent "Insurance Drafts." As a result, amendment to add these claims would be futile because they would be subject to dismissal or summary judgment.

Amendment to add a claim regarding his incarceration between July 2007 and February 2010 would also be futile. The records of this Court establish that Wade was convicted of forgery in April 1997, and was sentenced to a term of imprisonment for twenty years. *See* State Habeas Records filed in *Wade v. Thaler*, Civil Action No. H-09-1900. Plaintiff was released on parole in April 2004. On May 24, 2007, a warrant was issued for Plaintiff's arrest in connection with two new theft offenses, only one involving the Best Buy situation. The warrant was executed and Plaintiff was arrested on July 27, 2007. The hearing officer found that probable cause existed to believe Wade had violated the conditions of his parole by committing the two new offenses. *See* Memorandum and Opinion, Civil Action No. H-09-1900, p. 7. On February 3, 2010, Wade was convicted of theft on the non-Best Buy charge, and the prosecutor voluntarily dismissed the Best Buy-related charge. The validity of the warrant that resulted in Wade's arrest on July 27, 2007, was upheld in both the state habeas proceeding and the federal habeas proceeding in Civil Action No. H-09-1900. Because the records on file in this Court establish that Plaintiff's imprisonment

between July 2007 and February 2010 was the result of a valid warrant issued in connection with two criminal theft charges, with the non-Best Buy charge resulting in a conviction, the proposed amendment would be futile. The Court denies Plaintiff's request for leave to amend to add the new claims.

V.      **CONCLUSION AND ORDER**

Plaintiff's breach of contract claim is time-barred. Additionally, Plaintiff's requested amendment would be futile. Accordingly, it is hereby

**ORDERED** that Defendant Best Buy's Motion for Summary Judgment [Doc. # 13] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [Doc. # 21] is **DENIED**.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **11th** day of **May, 2012**.

*[signature: Nancy F. Atlas]*

Nancy F. Atlas
United States District Judge