IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX MELVIN WADE, JR., | § | |
| Individually and d/b/a American | § | |
| Consultant, Legal Litigants, | § | |
| Paralegals, Professional Adjusters & | § | |
| Financial Brokers, | § | |
|     Plaintiff, | § | CIVIL ACTION NO. H-11-4131 |
| | § | |
| v. | § | |
| | § | |
| BEST BUY, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Reconsideration and Rehearing ("Motion to Reconsider") [Doc. # 25] filed by Plaintiff Alex Melvin Wade, Jr. Plaintiff argues that the Court erred in granting summary judgment in favor of Defendant Best Buy on its statute of limitations defense. Having reviewed the record and the governing legal authorities, the Court **denies** the Motion to Reconsider.

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581

(5th Cir. 2002). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 478-79. "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* at 479. Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiff filed a Response to Defendant's Motion for Summary Judgment on the statute of limitations defense. In the Response, Plaintiff argued that the statute of limitations argument was without merit in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). In the Motion to Reconsider, Plaintiff again relies on *Heck*. Plaintiff's reliance on *Heck* remains unavailing. In *Heck*, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment," the plaintiff must demonstrate that the allegedly unconstitutional

conviction has been reversed or otherwise invalidated. *Id.* at 486-87. Plaintiff in this case is not challenging an allegedly unconstitutional conviction. He is, instead, seeking damages for an alleged breach of contract, alleged constitutional violations independent of any conviction, and alleged deceptive trade practices. Consequently, *Heck* does not apply to extend the statutes of limitations in this case.

Plaintiff argues also that the statute of limitations was tolled while the criminal proceedings were pending against him. As noted in the Memorandum and Order [Doc. # 23] granting summary judgment, incarceration is not a legal disability that tolls the statute of limitations under Texas law. *See Belser v. Tex. State Bd. of Pardons and Paroles*, 234 F.3d 705, *2 (5th Cir. Sept. 25, 2000) (citing *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992)).

Plaintiff argues in the Motion to Reconsider that the "discovery rule" applies because he did not learn until Defendant filed its Motion for Summary Judgment that Best Buy was involved in the criminal prosecution against him. This lawsuit does not, however, involve the criminal prosecution. This lawsuit involves Best Buy's failure to deliver equipment that Plaintiff attempted to purchase with an "Insurance Draft" in early 2007. As a result, the "discovery rule" has no application.

Plaintiff's final argument in the Motion to Reconsider is that there was a "continuing wrong" because Best Buy "did not place the [Insurance Draft] in the mail

box to plaintiff' but instead apparently provided it to the Harris County District Attorney's Office.  Initially, not returning the Insurance Draft would not constitute a "continuing wrong" for purposes of the statute of limitations defense to the breach of contract, deceptive trade practices, and constitutional claims asserted in this case. Plaintiff does not assert a claim against Best Buy for not returning the Insurance Draft to him.  As a result, Plaintiff is not entitled to reconsideration based on a "continuing wrong" theory.

Plaintiff challenges also the Court's denial of his request to file an amended complaint.  Plaintiff argues that leave to amend should be permitted "unless it is clear that the complaint could not be saved by amendment."  *See* Motion to Reconsider, pp. 8-9 (citing *Jones v. Bock*, 549 U.S. 199, 214 (2007)).  For the reasons stated in the Memorandum and Order entered May 11, 2012, the requested amendment would be futile.

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration and Rehearing [Doc. # 25] is **DENIED**.

SIGNED at Houston, Texas, this **23rd** day of **May, 2012**.

Nancy F. Atlas
United States District Judge