IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX MELVIN WADE, JR., | § | |
| Individually and d/b/a American | § | |
| Consultant, Legal Litigants, | § | |
| Paralegals, Professional Adjusters & | § | |
| Financial Brokers, | § | |
|     Plaintiff, | § | CIVIL ACTION NO. H-11-4131 |
| | § | |
| v. | § | |
| | § | |
| BEST BUY, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is again before the Court on a Motion for Rehearing ("Motion") [Doc. # 29] filed by Plaintiff Alex Melvin Wade, Jr. Plaintiff asserts that he "received the Memorandum Order of the Court on June 1st, 2012 . . . and deposited this Petition for rehearing within 10 days from the date of receipt . . .." *See* Motion, p. 1. It is clear that Plaintiff received the Court's original Memorandum and Order granting Defendant's Motion for Summary Judgment prior to June 1, 2012, because he filed his first Motion for Reconsideration and Rehearing [Doc. # 25] on May 22, 2012. Consequently, it is apparent that Plaintiff seeks rehearing of the Court's denial of the first Motion for Reconsideration and Rehearing. Plaintiff argues again that the Court erred in granting summary judgment in favor of Defendant Best Buy on its statute of

limitations defense.  Having reviewed the record and the governing legal authorities, the Court **denies** the Motion.

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).  This type of motion "calls into question the correctness of a judgment."  *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Id.* at 478-79.  "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."  *Id.* at 479.  Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court."  *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Templet*, 367 F.3d at 479.

Plaintiff filed a Response to Defendant's Motion for Summary Judgment on the statute of limitations defense. In the Response, Plaintiff argued that the statute of limitations argument was without merit in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). In the first Motion to Reconsider, Plaintiff again relied on *Heck*. In this second Motion for Rehearing, Plaintiff continues to rely on *Heck*. Plaintiff's reliance on *Heck* remains unavailing. In *Heck*, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment," the plaintiff must demonstrate that the allegedly unconstitutional conviction has been reversed or otherwise invalidated. *Id.* at 486-87. Plaintiff in this case is not challenging an allegedly unconstitutional conviction. He is, instead, seeking damages for an alleged breach of contract, alleged constitutional violations independent of any conviction, and alleged deceptive trade practices. Consequently, *Heck* does not apply to extend the statutes of limitations in this case.

Plaintiff argues again that the statute of limitations was tolled while the criminal proceedings were pending against him. As noted in the Memorandum and Order [Doc. # 23] granting summary judgment and in the Memorandum and Order denying the first Motion for Reconsideration and Rehearing [Doc. # 27], incarceration is not a legal disability that tolls the statute of limitations under Texas law. *See Belser v.*

*Tex. State Bd. of Pardons and Paroles*, 234 F.3d 705, *2 (5th Cir. Sept. 25, 2000) (citing *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992)).

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion for Rehearing [Doc. # 29] is **DENIED**.

SIGNED at Houston, Texas, this **14th** day of **June, 2012**.

_____
Nancy F. Atlas
United States District Judge