IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX MELVIN WADE, JR., | § | |
| Individually and d/b/a American | § | |
| Consultant, Legal Litigants, | § | |
| Paralegals, Professional Adjusters & | § | |
| Financial Brokers, | § | |
| Plaintiff, | § | CIVIL ACTION NO. H-11-4131 |
| | § | |
| v. | § | |
| | § | |
| BEST BUY, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Alex Melvin Wade, Jr.'s "Motion

Filed Pursuant to Rule 60(b), Federal Rules of Civil Procedure, to Vacate, Rescind &

Or Modify Judgment of the Court Entered on May 11th, 2012" ("Rule 60(b)(2)

Motion") [Doc. # 41].[1]  Also pending are Plaintiff's Motion to Recuse [Doc. # 43],

and Motion Requesting a Hearing [Doc. # 47].  Having reviewed the full record and

applied governing legal authorities, the Court **denies** all three pending motions.

---

[1]    This is Plaintiff's fourth motion seeking reconsideration of the Court's May 11, 2012
decision.  The first motion [Doc. # 25] was filed pursuant to Rule 59(e) and was
denied by Order [Doc. # 27] entered May 23, 2012.  The second motion [Doc. # 29]
was filed June 13, 2012, and was denied by Order [Doc. # 30] entered June 14, 2012.
The third motion [Doc. # 31] was filed pursuant to Rule 60(b) and was denied by
Order [Doc. # 34] entered June 26, 2012.

## I.      **BACKGROUND**

Plaintiff went to a Best Buy store in December 2006 to purchase electronic equipment.  Plaintiff placed an order for various pieces of equipment for a total cost of $96,595.79.  Plaintiff attempted to pay for the equipment with a document entitled "Insurance Draft" dated March 5, 2007, and purportedly drawn and payable at Western World Insurance Company in New Jersey.  Best Buy determined that the "Insurance Draft" was not a proper form of payment.  The sales manager, Kari Vinyard, telephoned Plaintiff and informed him that the "Insurance Draft" had been denied as a proper form of payment and, therefore, Best Buy would require another form of payment or the order would be cancelled.  Plaintiff made no arrangements for a different form of payment for the equipment, and Best Buy cancelled his order on May 22, 2007.

On November 9, 2011, Plaintiff, proceeding *pro se*, filed this lawsuit asserting that Best Buy violated his "rights and constitute, breach of contract, civil rights, contract rights are basic civil rights, and the Fifth & Fourteenth Amendment to the United States Constitution of the United States, not limited to state law, deceptive trade practices."  *See* Complaint [Doc. # 1], ¶ 9.  Plaintiff sought declaratory and injunctive relief, compensatory damages of $75,000.00, punitive damages of $75,000.00, "Hedonic damages" in the amount of $75,000.00, "Expectancy damages"

in the amount of $100,000.00, "Foreseeable damages" in the amount of $50,000.00, "Severance damages" in the amount of $50,000.00, and costs.

By Memorandum and Order [Doc. # 23] and Final Judgment [Doc. # 24] entered May 11, 2012, the Court granted Defendant's Motion for Summary Judgment, concluding that the lawsuit was barred by the applicable statute of limitations. Plaintiff's three motions for reconsideration were denied, and his appeal was dismissed.

On December 26, 2013, Plaintiff filed his fourth motion for reconsideration. Plaintiff also filed a motion seeking recusal of the undersigned and a motion seeking a hearing.  The Motions are ripe for decision.

## II.    RULE 60(b)(2) MOTION

Plaintiff seeks reconsideration pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure, asserting that he has newly-discovered evidence.  Relief under Rule 60(b)(2) requires that the movant demonstrate that he exercised due diligence in obtaining the new evidence, and that the new evidence is "material and controlling and clearly would have produced a different result if present before the original judgment." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)).  A motion pursuant to Rule 60(b)(2) must be filed "no more than a year after the entry of the judgment or

order" for which reconsideration is requested.  *See* FED. R. CIV. P. 60(c)(1).  The Court's Final Judgment was entered May 11, 2012, and Plaintiff did not file his Rule 60(b)(2) Motion until December 26, 2013, well more than one year later.  As a result, the Motion is denied as untimely and no hearing is necessary.[2]

## III.   MOTION FOR RECUSAL AND FOR HEARING

Plaintiff asserts that United States District Judge Lee Rosenthal was prejudiced against him in *American Consultants v. Capital One*, Civil Action No. H-10-2454.  Plaintiff argues that this Court considered Judge Rosenthal's case when granting summary judgment for Defendant in this case, which Plaintiff asserts is an indication that Judge Rosenthal's prejudice "spilled over into this case" causing the undersigned to be biased.  Plaintiff's argument lacks merit.

In the case before this Court, Best Buy argued that Plaintiff's lawsuit against it was barred by the applicable statute of limitations.  Plaintiff argued in opposition that the statute of limitations should be tolled while he was incarcerated.  In deciding Best Buy's Motion for Summary Judgment, this Court did not consider in any way the merits of Plaintiff's lawsuit before Judge Rosenthal.  Instead, the Court noted only that Plaintiff, while incarcerated, filed the case before Judge Rosenthal and two other

---

[2]     The Court notes also that the new evidence on which Plaintiff relies is not material to the statute of limitations issue, and would not affect the Court's decision granting Best Buy's motion for summary judgment.

non-habeas lawsuits prior to filing the lawsuit against Best Buy. The existence of the lawsuit before Judge Rosenthal and the other two cases filed by Plaintiff established clearly that Plaintiff's incarceration did not prevent him from filing lawsuits. The Court concluded that Plaintiff's argument for tolling of the statute of limitations was without merit factually, and the Court rejected the tolling argument.[3] Plaintiff does not dispute the existence of his lawsuit before Judge Rosenthal, and only its existence was considered by this Court. As a result, Plaintiff has failed to demonstrate a basis for recusal or the need for a hearing.

## IV.   **CONCLUSION AND ORDER**

Plaintiff's Rule 60(b)(2) motion is untimely, and he has failed to assert a legal or factual basis for this Court to recuse. Accordingly, it is hereby

**ORDERED** that Plaintiff's Rule 60(b)(2) Motion [Doc. # 41], Motion to Recuse [Doc. # 43], and Motion for Hearing [Doc. # 47] are **DENIED**.

SIGNED at Houston, Texas, this 3rd day of **January, 2014**.

Nancy F. Atlas
United States District Judge

---

[3]     The Court held also that under Texas law, incarceration is not a legal disability that tolls the statute of limitations, citing *Belser v. Tex. State Bd. of Pardons and Paroles*, 234 F.3d 705, *2 (5th Cir. Sept. 25, 2000) (citing *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992)).